AO 91 (Rev. 11/11) Criminal Complaint

| | | | |
|---|---|---|---|
| AUSA: | Christopher Rawsthorne | Telephone: | (313) 226-9100 |
| Special Agent: | Joshua Loy | Telephone: | (313) 202-3400 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br>Adam Bradley | Case No. Case: 2:20−mj−30405<br>Assigned To : Unassigned<br>Assign. Date : 9/28/2020<br>USA V. SEALED MATTER (CMP)(CMC) |

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 2020 through Febrauary 2020,__ in the county of __Wayne,__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC § 841(a)(1) | Distribution of cocaine and possession of cocaine with intent to distribute |

This criminal complaint is based on these facts:
see attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Joshua Loy, Special Agent (ATF)
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __September 28, 2020__

_____
Judge's signature

City and state: __Detroit, Michigan__    Hon. R. Steven Whalen, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Joshua Loy, being duly sworn, state the following:

## I. INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), since June 2018, where I am responsible for investigating violations of firearms laws. I am currently assigned to the Detroit Field Division Group 4. I have graduated from the Federal Law Enforcement Training Center and the Alcohol, Tobacco, Firearms, and Explosives (ATF) Special Agent Basic Training.

2. The information contained in this affidavit is based on my personal knowledge and observations during the course of this investigation, law enforcement reports that I have reviewed, communications with others who have personal knowledge of the events and circumstances described in this affidavit, and information gained through my training and experience.

3. This affidavit is in support of a complaint and arrest warrant for Adam BRADLEY (\*\*/\*\*/1984). Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known to me concerning this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause to believe that BRADLEY engaged in

violations of 21 U.S.C. § 841(a)(1) (distribution of cocaine and possession with intent to distribute cocaine).

## II.     INVESTIGATION AND PROBABLE CAUSE

### *Drug Transaction 1*

4. During the final week of January, 2020, S/A Jacobs made contact with another individual ("INDIVIDUAL A") at phone number \*\*\*-\*\*\*-3297. The purpose of this call was to arrange a purchase of cocaine from INDIVIDUAL A. INDIVIDUAL A agreed to meet at a predetermined meet location in the Eastern District of Michigan to conduct the illegal narcotics transaction.

5. Around this time, S/A Jacobs, arrived and parked in the area of the predetermined meet location. S/A Jacobs contacted INDIVIDUAL A by text message and advised INDIVIDUAL A S/A Jacobs was at the meet location. S/A Jacobs communicated with INDIVIDUAL A using text messages and INDIVIDUAL A referenced having to obtain the illegal narcotics prior to meeting with S/A Jacobs.

6. S/A Salazar observed a white Dodge Journey being operated by BRADLEY arrive in the area of \*\*\*\* Porter, Detroit, Michigan, where INDIVIDUAL A exited his residence and entered the white Dodge Journey. Surveillance was maintained and the white Journey was surveilled directly to the predetermined meet location, where INDIVIDUAL A exited the white Journey, and met for a short time with S/A Jacobs.

7.  S/A Jacobs then purchased a quantity of suspected cocaine in exchange for prerecorded government funds from INDIVIDUAL A. This completed the controlled purchase, and INDIVIDUAL A returned to the white Journey. This concluded the Undercover Operation and surveillance was terminated.

8.  Upon return to the ATF Office, S/A Jacobs placed the suspected cocaine into ATF Evidence. S/A Jacobs conducted a field test of the suspected cocaine and received positive results for cocaine.

### *Drug Transaction 2*

9.  During the first week of February, 2020, S/A Jacobs acting in an undercover capacity, called INDIVIDUAL A at phone number \*\*\*-\*\*\*-6297 to arrange a purchase of cocaine from INDIVIDUAL A.  INDIVIDUAL A agreed to meet at a predetermined meet location in the Eastern District of Michigan to conduct the illegal narcotics transaction.

10. At this time, a white Dodge Journey being operated by BRADLEY was observed in the area of the predetermined meet location where INDIVIDUAL A exited the white Journey, and met for a short time with the Undercover ATF Agent.

11. S/A Jacobs then purchased a quantity of suspected cocaine in exchange for prerecorded government funds from INDIVIDUAL A. This completed the controlled purchase, and INDIVIDUAL A returned to the white Journey.

12. Upon completion of the undercover purchase, ATF Agents maintained surveillance of the white Dodge Journey which returned directly to the area of **** Porter Street where it is believed INDIVIDUAL A was dropped off at his residence.

13. Upon return to the ATF Office, S/A Jacobs placed the cocaine into ATF Evidence. S/A Jacobs conducted a field test of the cocaine and received positive results for cocaine.

### *Drug Transaction 3*

14. Again during the first week of February, 2020, S/A Jacobs, acting in an undercover capacity, called INDIVIDUAL A at phone number ***-***-6297 to arrange a purchase of cocaine from INDIVIDUAL A. INDIVIDUAL A directed S/A Jacobs to meet at a prearranged meet location in the Eastern District of Michigan.

15. At this time S/A Salazar observed INDIVIDUAL A exit the front door of his residence **** Porter Street, Detroit, Michigan and enter the passenger side of a white Dodge Journey operated by BRADLEY.

16. After a short period of time, a white Dodge Journey was observed in the area of the predetermined meet location where INDIVIDUAL A exited the white Journey, and met for a short time with the Undercover ATF Agent.

17. S/A Jacobs then purchased a quantity of cocaine in exchange for prerecorded government funds from INDIVIDUAL A. This completed the controlled purchase, and INDIVIDUAL A returned to the white Journey.

18. Upon return to the ATF Office, S/A Jacobs placed the cocaine into ATF Evidence. S/A Jacobs conducted a field test of the cocaine and received positive results for cocaine.

### *Drug Transaction 4*

19. During the second week of February, 2020, S/A Jacobs contacted INDIVIDUAL A at phone number \*\*\*-\*\*\*-6297 to coordinate a purchase of cocaine from INDIVIDUAL A. INDIVIDUAL A directed S/A Jacobs to meet at a prearranged meet location in the Eastern District of Michigan.

20. S/A Jacobs arrived at the predetermined meet location, and after a period of time, INDIVIDUAL A arrived in a white Dodge Journey, being operated by BRADLEY, where he exited the vehicle and met with S/A Jacobs.

21. At this time, S/A Jacobs gave INDIVIDUAL A prerecorded government funds in exchange for suspected cocaine. This completed the controlled purchase, and INDIVIDUAL A returned to the white Journey.

22. Upon return to the ATF Office, S/A Jacobs placed the suspected cocaine into ATF Evidence. S/A Jacobs conducted a field test of the suspected cocaine and received positive results for cocaine.

### *Drug Transaction 5*

23. During the third week of February, 2020, S/A Jacobs contacted INDIVIDUAL A at phone number \*\*\*-\*\*\*-6297 to coordinate the purchase of cocaine and of a firearm from INDIVIDUAL A. INDIVIDUAL A directed S/A Jacobs to meet at a prearranged meet location in the Eastern District of Michigan.

24. S/A Jacobs arrived at the predetermined meet location, and after a period of time, INDIVIDUAL A arrived in a white Dodge Journey operated by BRADLEY where he exited the vehicle and met with S/A Jacobs.

25. At this time, S/A Jacobs gave INDIVIDUAL A prerecorded government funds in exchange for suspected cocaine. This completed the controlled purchase of illegal narcotics and INDIVIDUAL A returned to the white Dodge Journey.

26. Upon return to the ATF Office, S/A Jacobs placed the cocaine into ATF Evidence. S/A Jacobs conducted a field test of the cocaine and received positive results for cocaine.

### *Search Warrant*

27. On February 26, 2020, surveillance was maintained to the area of Springwells and Vernor in Detroit, Michigan, where a traffic stop was conducted by Detroit Police Department (DPD) Officers Delbosque and Cochrel, III. Once the vehicle was detained, BRADLEY was brought to a secure location. At this time S/A Loy informed BRADLEY of the search warrants for his vehicle and residence. S/A

Loy then advised BRADLEY of his *Miranda* rights and questioned him in relation to the presence of weapons, valuables, narcotics and persons at his residence located at xxx1 Woodmere Street, Detroit, Michigan. BRADLEY acknowledged the presence of approximately one (1) ounce of cocaine on the kitchen counter. BRADLEY denied the presence of any large amounts of money, valuables, or weapons. BRADLEY stated there were no other persons at the residence and there was a dog (pit bull) in his residence. In addition, BRADLEY acknowledged access and control over xxx1 Woodmere St, Detroit, Michigan, the lower unit, and access through the rear stairs of xxx3 Woodmere was capable.

28. At this juncture, BRADLEY agreed to return to the residence for the purpose of safely executing the search warrant.

29. At approximately 1:05 PM, S/A Loy, along with other members of ATF, DPD, and MSP, arrived at the residence knocked and announced at the front door of xxx3 Woodmere. After a period of time and no response, Agents gained entry into the residence utilizing the key supplied by Adam BRADLEY. While securing the residence BRADLEY (under ATF control) secured his dog in the stairwell leading to the basement.

30. Once the residence was secured S/A Yott, questioned BRADLEY relating to consent to search the residence of xxx1 Woodmere Street, Detroit, Michigan and BRADLEY agreed and signed ATF form 3220.11 (consent to search form). At

7

this juncture a search of both residences was conducted with the following items being recovered among other things:

    a. One (1) clear knotted plastic bag containing approximately 28.7gg of suspected cocaine. (FIELD TEST POSITIVE). Located on the kitchen counter.

    b. One (1) clear knotted plastic bag containing approximately 12.7gg of suspected cocaine. (FIELD TEST POSITIVE). Located on the kitchen counter.

    c. One blue in color digital scale located in the master bedroom closet.

    d. One black in color digital scale located on the kitchen counter.

    e. One (1) box of sandwich baggies (packaging materials) located on the kitchen counter.

31. At this time, BRADLEY was further questioned relating to his activity involving illegal narcotics trafficking. BRADLEY admitted to selling illegal narcotics his entire life and making approximately $800 dollars per week. BRADLEY was subsequently released pending further investigation.

### *Criminal History*

32. I reviewed the criminal history of BRADLEY which revealed BRADLEY has been convicted of the following felony controlled substance offenses:

    a. 2002 – Attempt - Felony Controlled Substance- DEL/MFG (Cocaine, Heroin or another narcotic) less than 50 grams; and

    b. 2005 – Felony Controlled Substance – Delivery Manufacture – Ecstasy/MDMA; 2 counts of Felony Controlled Substance-DEL/MFG (Cocaine, Heroin or another narcotic) less than 50 grams.

### III.  CONCLUSION

33.  Based on the above investigation, probable cause exists that Adam BRADLEY (\*\*/\*\*/1984), engaged in violations of 21 U.S.C. § 841(a)(1) (distribution of cocaine and possession of cocaine with intent to distribute).

                                      Respectfully Submitted,

                                      Joshua Loy, Special Agent
                                      Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and signed in my presence
and/or by reliable electronic means.

_____
HON. R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:   September 28, 2020

9